UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STORAGECRAFT TECHNOLOGY,<br><br>        Plaintiff,<br><br>v.<br><br>JAMES KIRBY,<br><br>        Defendant. | Case No. 13-mc-315-L(MDD)<br><br>**ORDER:**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION [DOC. 33], AND**<br><br>**(2) PARTIALLY GRANTING CLAIM OF EXEMPTION [DOC. 22-3, EX. 2]** |

On February 11, 2014, Claimant Hannah Kirby timely filed a Claim of Exemption under California Code of Civil Procedure § 704.010 regarding a seized BMW. [Doc. 22-3, Ex. 2] On April 21, 2014, United States Magistrate Judge Mitchell D. Dembin issued a Report and Recommendation ("Report"), recommending that the Court grant the Claim in part. [Doc. 33.] Judge Dembin further ordered that any objections were to be filed by August 10, 2012, and any replies filed by May 27, 2014. (*Id.*) To date, no objections have been filed, and neither party requested additional time to do so.

A district court's duties concerning a magistrate judge's report and recommendation and a party's objections thereto are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and in 28 U.S.C. § 636(b)(1). When no objections are filed, the district court is not required to

review the magistrate judge's report and recommendation.  *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("[D]e novo review of a R & R is only required when an objection is made"); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that 28 U.S.C. § 636(b)(1)(c) "makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made,* but not otherwise").

In contrast, the duties of a district court in connection with a magistrate judge's report and recommendation are quite different when an objection has been filed.  Specifically, the district court "must make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz*, 447 U.S. 667, 676 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

In light of the fact that no objections to the Report have been filed, the Court approves Judge Dembin's recommendations, **ADOPTS** the Report in its entirety (Doc. 33), and **APPROVES** the Claim of Exemption in part.  The BMW will remain in the possession of the U.S. Marshal's Services and be sold pursuant to law, and Claimant will receive $2,900 of proceeds after sale.  Having asserted the exemption for the BMW, Plaintiff retains the option of executing against Defendant's Jeep.  Furthermore, because reasonable jurists would not find the Court's assessment of the issues above debatable or wrong, the Court also **DENIES** a certificate of appealability.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED.**

DATED: June 10, 2014

M. James Lorenz
United States District Court Judge